Lebrón, Recurrente, v. El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegatoria de inscripción de un expediente posesorio.

No. 503.—Resuelto en diciembre 23, 1921.

Expediente Posesorio—Alegación en Cuanto al Tiempo de la Posesión—Testigos en Expedientes Posesorios.—En un expediente posesorio en cuya moción inicial se expresa que el peticionario adquirió la finca por herencia de su padre fallecido hace más de veinte años, se alega suficientemente una posesión de por lo menos veinte años; y habiendo declarado los testigos que el promovente posee la finca desde la muerte de su padre cuando el testigo, que ahora tiene 58 años, era muy pequeño, y según el otro testigo, desde hace veinte o treinta años, contrajeron sus declaraciones a dicho tiempo de posesión y es preciso concluir que tales testimonios y la petición cumplen con la regla primera, No. 4 y tercera, párrafo segundo del artículo 391 de la Ley Hipotecaria.

Id.—Valor del Inmueble—Pago de Contribuciones.—Alegándose en la moción inicial que la finca objeto de la información posesoria tiene un valor de $120, cuya cuantía es tributable de acuerdo con el artículo 291 del Código Político, el expediente no es inscribible si el recurrente no justifica que paga contribución por la finca a título de dueño.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. C. Domínguez Rubio.

El Registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Florencio Lebrón Santiago presentó escrito a la Corte de Distrito de Guayama alegando que posee quieta y pacíficamente una finca, cuya descripción hace, la que adquirió por herencia de su padre fallecido hace más de veinte años, que su valor es de $120, que por ella no se pagan contribuciones al Tesoro Insular y que carece de título escrito inscribible.

Practicada la información correspondiente la corte de-

claró justificada la posesión, sin perjuicio de terceros, y ordenó que se inscribiera en el registro de la propiedad, pero presentado el expediente original el registrador negó la inscripción que se le solicitó exponiendo como primera razón que * * * "de la moción inicial no resulta el tiempo que lleva de posesión el promovente en la finca de que se trata; y que los testigos de la información Aureliano y Filomeno Ramos no contraen sus declaraciones al tiempo que haya durado la posesión del citado promovente del expediente * * * ;" y en el escrito que nos ha presentado el registrador en este recurso gubernativo interpuesto contra su resolución denegatoria de inscripción expone en apoyo de la misma si ha de expresarse en la solicitud de un expediente posesorio de una manera expresa el tiempo que se lleva de posesión o si basta, como parece colegirse de la solicitud, que tal circunstancia se consigne en forma ambigua, dejándolo a la interpretación que pueda darle la oficina del registro.

Así pues, los términos en que está redactada la nota denegatoria en cuanto a ese motivo de la negativa de inscripción y el alegato del registrador claramente demuestran que el motivo primero que tuvo para no inscribir la finca fué porque ni de la solicitud inicial del expediente posesorio ni de las declaraciones de los testigos resulta el tiempo que lleva de posesión el promovente, y por tanto, lo que tenemos que considerar y resolver en este caso es si el tiempo de posesión está suficientemente alegado y probado de modo que quede cumplido el artículo 391 de la Ley Hipotecaria en sus reglas primera, No. 4, y tercera, párrafo segundo, preceptivo de que en el escrito en que se pida la admisión de la información se expresará el tiempo que se llevase de posesión, y que los testigos contraerán sus declaraciones al tiempo que haya durado la posesión, entre otras cosas.

Nos parece que alegándose en la solicitud inicial de la información que el promovente posee la finca desde la muerte

de su padre y que ésta ocurrió hace más de veinte años, claramente se expresa que tal posesión ha durado por lo menos veinte años y que por tanto se alegó suficientemente el tiempo de posesión. En cuanto a los testigos como depusieron que Florencio Lebrón posee la finca desde la muerte de su padre fallecido cuando uno de los testigos que ahora tiene cincuenta y ocho años de edad era muy pequeño, y según el otro testigo desde hace veinte o treinta años, creemos que contrajeron sus declaraciones al tiempo de posesión de por lo menos veinte años que alegó el peticionario.

Los Sres. Galindo y Escosura, en sus comentarios a la legislación hipotecaria, cuarta edición, tomo cuarto, página 592, sostienen que no es preciso determinar el tiempo en que empezó la posesión, sino que basta fijar el año o decir cuántos hace que se posee. Así pues, tenemos que concluir que no existe el primer motivo en que se fundó el registrador para negar la inscripción.

También se funda la negativa de inscripción en no haberse acreditado por el promovente con el último recibo de contribución, u otro documento, que el anterior poseedor haya pagado la contribución territorial por la finca de que se trata, o en su defecto que ésta se haya tenido en cuenta por el Tesorero de Puerto Rico para la imposición o exención de contribución.

Según el artículo 391 citado, párrafos 1°. y 3°. de la regla 4ª. en los expedientes posesorios se presentará certificación de la autoridad encargada del cobro de la contribución territorial en la que se exprese claramente con referencia a los padrones de la riqueza u otros datos que el interesado paga la contribución a título de dueño. El peticionario presentó una certificación del Tesorero de esta Isla creditiva de que Florencio Lebrón no figura como contribuyente en el reparto de contribuciones del municipio de Guayama para el año de 1920 a 1921 con finca rústica en el barrio de Guamaní, y entiende el recurrente que esto es bastante

para dejar cumplidos dichos preceptos de acuerdo con el caso de *Castro* v. *El Registrador,* 23 D. P. R. 233. No hemos declarado en el caso que se cita que baste en los expedientes posesorios que según la certificación del Tesorero de Puerto Rico la finca no aparezca en el reparto de contribuciones pues expresamos que el Tesorero debía certificar que estaba exenta de contribución o probarse que valía, como alegaba la petición inicial, una cantidad menor que la fijada para imponer las contribuciones. Pero en el caso que resolvemos ahora la solicitud inicial expresó que la finca valía $120, valor que es tributable de acuerdo con el artículo 291 del Código Político y por esto debía el recurrente justificar que pagaba la contribución a título de dueño.

Por esta última razón la nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.